UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| KEVIN HOYNER, SR., ) | |
| ) | |
|    *Plaintiff,* ) | |
| ) | No. 4:08-cv-99 |
| v. ) | *Mattice/Lee* |
| ) | |
| SHERIFF MURRAY BLACKWELDER; ) | |
| LINCOLN COUNTY JAIL; JAIL ) | |
| ADMINISTRATOR ROBERT ROWE; ) | |
| AND LINCOLN COUNTY JAIL STAFF; ) | |
| ) | |
|    *Defendants.* ) | |

## **MEMORANDUM**

Plaintiff Kevin Hoyner Sr., ("Hoyner") filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 3). On January 14, 2009, the Court issued an order directing Hoyner to supplement his *in forma pauperis* application with a statement from the custodian of Inmate Accounts certifying the average balance in his inmate account for the past six months and file it with the District Court Clerk within thirty days from the date of the Order (Court Doc. 5). Additionally, Hoyner was notified that non-compliance with the Court's order would result in the dismissal of his § 1983 complaint (Court Doc. 5).

There has been no response to the Court's Order. Accordingly, the Court finds Hoyner has failed to comply with its Order.

Rule 41(b) of the Federal Rules of Civil Procedure permits this Court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the Court. This authority flows from the Court's inherent power to control its docket, prevent undue delays in the

1

disposition of pending cases, and avoid congested court calendars. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

Therefore, this action will be **DISMISSED** for Hoyner's failure to prosecute and to comply with the Orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

A judgment will enter.

    /s/Harry S. Mattice, Jr.
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE